## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | Case No. CF0725-16 |
| vs. | DECISION AND ORDER |
| JOHN C.J. SHEN et al., | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 3, 2018 for a hearing upon the submission of a Motion to Correct Pre-Trial Release Conditions Form filed by Defendant John C.J. Shen ("Defendant" or "Mr. Shen"). The motion pertains only to Mr. Shen and not the other defendants in this manner, namely, Ana Kristine Lara Absalon, Shen's Corporation, Shen's Corporation DBA: Prestige Automobiles, Jonathan Shieh-Hao Shen, and Orlando P. Domingo ("Mr. Domingo"). Chief Prosecutor Joseph B. McDonald represents the People of Guam ("the People") and Attorney Jeffrey A. Moots represents Mr. Shen. Having duly considered the parties' arguments, briefings, and the applicable law, the Court now issues its Decision and Order and GRANTS Defendant's Motion to Correct Pre-Trial Release Conditions Form.

**ORIGINAL**

## BACKGROUND

On October 13, 2017, a grand jury returned a Superseding Indictment charging Defendant, among other individuals, with alleged corporate wrongdoings. Defendant was specifically charged with three (3) counts of Conspiracy to Commit Tampering with Public Records (as a Third Degree Felony); three (3) counts of Conspiracy to Commit Forgery (as a Third Degree Felony); two (2) counts of Conspiracy to Commit Identity Theft (as a Third Degree Felony); and one (1) count of Theft (as a Second Degree Felony). At his arraignment hearing on October 18, 2017, Defendant entered a plea of not guilty to all the charges and waived his right to a speedy trial. On this same date, Defendant was released from custody on his personal recognizance. Order of Conditional Release and Appearance Bond, Oct. 18, 2017. In the Order of Conditional Release and Appearance Bond, the following provision was crossed/marked:

> **CO-DEFENDANTS/FELONS**: Defendant shall have no contact with co-defendant(s) either in person, by telephone, by letter, e-mail, text or any electronic devices, through a third party, or any other method. Defendant shall not associate with any known felons

<u>Id.</u> at ¶ 10.

On November 20, 2017, Defendant filed his Motion to Correct Pre-Trial Release Conditions Form. The People filed their opposition to the motion on November 22, 2017. The Court heard oral arguments on the motion on January 3, 2018 and subsequently took the matter under advisement.[1]

///

///

---

[1] During the motion hearing on January 3, 2018, Mr. Shen's attorney informed the Court that they were withdrawing the Motion to Modify Conditions of Release filed on November 9, 2017.

## DISCUSSION

In his motion, Mr. Shen seeks to have his pre-trial release conditions form corrected so as to reflect the orders of the magistrate judge which purportedly allowed contact between co-defendants, with the exception of any discussions concerning the current criminal matter. Based on a review of the record and the transcript of Mr. Shen's arraignment hearing, the Court believes that this correction is proper.

During the arraignment hearing[2], the People did not explicitly request for a full no-contact order between Mr. Shen and his co-defendants. Rather, the People only requested as follows:

> Mr. Luther: ... I would like to have all those conditions, that Mr. Cunliffe just stated in the federal jurisdiction, imposed in this case, as well as a **no-diclosure-or-discussion condition with any of Shen Corporation's employees, or the co-defendants** related to this case. I see he already has Shen Corporation's attorney, so he shouldn't need to discuss those issues with any of the employees or co-defendants...

Arraignment Hearing [Oct. 18, 2017] Reporter's Transcript of Proceedings, 4:9-15, Dec. 22, 2017) (emphasis added). In accordance with the People's request, the magistrate judge only ordered that Mr. Shen be prohibited from discussing the case with any of his co-defendants, as well as other parties who are potential witnesses. <u>Id.</u> at 7:3-6 ("I'm going to order you not to discuss this case with any of your co-defendants, as well as other parties that are potential witnesses to this case"). These pronouncements by the People and the magistrate judge demonstrate that what was imposed during the arraignment hearing was not a full no-contact order, but a prohibition against discussing the case between Mr. Shen and his co-defendants. Although the Court recognizes its ability to prohibit a defendant from having contact with

---

[2] During the arraignment hearing, the People were represented by Assistant Attorney General Jeremiah K. Luther ("Mr. Luther").

classes of person, such as co-defendants, upon application of the prosecuting attorney, this was not explicitly requested or imposed during the arraignment hearing. <u>See</u> 8 G.C.A. § 40.60.

Additionally, the Court has previously allowed a co-defendant, specifically - Mr. Domingo, the ability to return to work at Prestige Automobiles. Although these conditions were imposed prior to Mr. Shen's involvement as a co-defendant in this matter, the Court recognized the risks in allowing Mr. Domingo the opportunity to work in an environment where he would be around managers of the corporate defendant entities such as Mr. Shen. Because of these risks, the Court placed restrictions on such contact by allowing Mr. Domingo to work only from Prestige Automobiles' Upper Tumon location and by restricting Mr. Domingo from discussing the case with any employee of the company, which would include Mr. Shen. Decision and Order at 4-5, July 17, 2017. Moreover, the Court recognizes that it would be untenable for the two co-defendants to work at the same company and not have contact in the regular course of business considering that Mr. Shen holds a significant managerial role. These reasons lead the Court to believe that the provision stating that Defendant shall have no contact with his co-defendants should be corrected.[3]

### CONCLUSION

Based on the reasons discussed above, the Court GRANTS Mr. Shen's Motion to Correct Pre-Trial Release Conditions Form. Accordingly, Mr. Shen shall be allowed contact with his co-defendants, but he is prohibited from discussing or disclosing information regarding any of the issues involved in this case. A pre-trial conference is scheduled for June 26, 2018 at 3:00 p.m.

---

[3] The Court further notes that the specific condition regarding contact between co-defendants was not included on the forms for Mr. Domingo or Jonathan Shieh-Hao Shen.

**IT IS SO ORDERED** on this 3rd day of April, 2018.



_____

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of:

AG
Cumi,PAc

Date: 4/3/1 Time: 325p

Deputy Clerk, Superior Court of Guam